## H. P. HUNT, Exr., &c., *v.* THOMAS ANDERSON.

PRACTICE: JUDGMENT AGAINST ONE OF TWO JOINT EXECUTORS: EFFECT OF.—If the summons be not served on one of two joint executors sued in an action at law, it will not be error to render judgment against the one served with process, without a formal dismissal as to the other; in such a case, the judgment is equivalent to a discontinuance of the suit as to the executor upon whom there was no service of process.

IN error to the Circuit Court of Warren county. Hon. Jacob S. Yerger, judge.

*Brooke & Smedes,* for plaintiff in error.

*Marshall & Miller,* for defendant in error,
Cited, *Kavanaugh* v. *Thompson,* 16 Ala. R. 817; Toller on Exors. 359; 2 Lomax on Exors. 415; *Anderson* v. *Walker,* MS. (not yet reported).

FISHER, J., delivered the opinion of the court.

This was an action in the Circuit Court of Warren county, by the defendant in error against Hunt and Montgomery, as executors of the last will and testament of S. H. Montgomery, deceased.

Hunt alone being served with process, appeared and pleaded to the action, upon which plea issue was joined, and the cause was, upon this issue, submitted to the jury, who found a verdict for the plaintiff below. It is assigned as error, that the record shows no disposition of the cause as to Montgomery, the other executor, who was jointly sued with Hunt. The fact of going to trial upon the

issue, as above stated, was an abandonment of the suit as to the other defendant, who was not served with process. While a formal dismissal as to him would have been more regular, yet the proceeding must be judged according to its legal effect; and the question is, whether the case, as to Montgomery, without some act by the court, showing that it was still retained, was not fully disposed of, by the trial of the issue as to Hunt? We think it clear that it was, as it has lost its place on the docket, and must take its place among the judgments, or decided cases, in the court.

Judgment affirmed.